HENRY C. WYETH, RESPONDENT, v. CHARLES O. MORRIS
AND OTHERS, APPELLANTS.

*Fraudulent representations — sale of bonds procured by — measure of damages.*

The defendants having, by false and fraudulent representations, induced the
plaintiff to purchase certain railroad bonds, he, upon discovering the fraud
some three years after the purchase, brought this action to recover the dam-
ages occasioned thereby. The defendants were acting as brokers, for both the
purchasers and the sellers. Upon the trial the court charged, as to the measure
of damages, that the plaintiff was entitled to recover the actual damages which
resulted from defendants' conduct up to the time when he first discovered the
fraud — the difference between the sum paid and the value of the stock —
that is, the difference between the price paid and the actual value of the
bonds at the time when the plaintiff discovered the fraud.

*Held,* that the charge was incorrect; that the measure of damages was the differ-
ence between the actual value of the bonds at the time of the sale and their
value as they were represented to be.

APPEAL from a judgment in favor of the plaintiff entered upon
the verdict of a jury, and from an order denying a motion for a
new trial made upon the minutes of the justice before whom the
action was tried. The action was brought to recover damages
alleged to have resulted from false representations, whereby the
plaintiff was induced to purchase certain railroad bonds. By agree-
ment between the defendants and the plaintiff a certain portion of
the formers' commissions on the sale were allowed to the plaintiff.

*Wm. H. Leonard* and *John T. Hoffman,* for the appellants.

*E. Louis Lowe,* for the respondent.

GILBERT, J. :

This is an action for damages, which resulted from false and
fraudulent representations of the defendants, whereby the plaintiff
was induced to purchase twenty-five first mortgage bonds of the
Selma, Rouse and Dalton Railroad Company, of $1,000 each, at
fifty-nine cents on the dollar. The defendants acted in the trans-
action as agents or brokers, for both seller and purchaser, and

received from the seller, as their commission for making the sale, five of the same kind of bonds for $1,000 each, and paid the plaintiff, as his share of said commissions, $250 in cash.

Upon the question of fact, whether the fraud alleged had been committed, we think the evidence was sufficient to carry the case to the jury. No exception was taken to the charge of the judge upon that subject. The evidence of the fraud, it is true, is not as satisfactory as a plaintiff, in an action of this kind, may reasonably be expected to produce. Still, it was the province of the jury and not of the judge, to determine its effect. The defendants made an unusual profit out of the transaction, without the knowledge or assent of the plaintiff. Such conduct is inconsistent with an agent's duty towards his principal, and it had a strong tendency towards establishing the fraud alleged. (See *Dorris* v. *French*, 4 Hun, 296.) We think, however, that the judge erred in his instruction to the jury respecting the rule of damages, namely, "that the plaintiff was entitled to recover the actual damage which resulted from their conduct up to the time when he first discovered the fraud;" and, again, "that the rule (of damages) is the difference between the *sum paid* and the value of the stock;" and, finally, "the damages are to be computed upon the principle — that is, the difference between the price paid, that is sixty, one per cent off — and the actual value of the bonds at the time when the plaintiff discovered the fraud."

The action seems to have been treated by the plaintiff, on the trial, as one against the defendants, as the sellers of the bonds, upon an actual rescission of the contract of sale. An amendment of the complaint was allowed for the purpose of making the action one of that kind. We think that amendment should not have been allowed. The defendants were only agents and not sellers. The action can be deemed one for deceit only. A principal cannot be made liable in such an action for the fraud of his agent, nor can the agent be made liable, as upon a rescission of the contract of sale, to restore the consideration, unless the principal was not disclosed, and the plaintiff dealt with the agent as principal. The liability of the defendants is for the *deceit;* and the rule of damages proper to be applied to them is the one governing such actions. That rule is a well-established and very plain one. The measure of damages is

the difference between the actual value of the bonds and the value of them as they were represented to be. Market value is pertinent but not conclusive evidence on such a question. It appears that these bonds had a market value, although they were not quoted on the stock list. Persons interested in the railroad made purchases and sales of the bonds long after the purchase by the plaintiff. Whether the plaintiff could have sold his bonds without cheating somebody else is not now the question. Generally speaking, a thing is worth the price it will bring in the market when it is offered for sale fairly and honestly. If it has no market-price, its value must be ascertained in some other way. But, howsoever it may be determined, it is the value at the time the fraud was committed which measures the liability of the person who committed the fraud. (*Haight* v. *Hayt*, 19 N. Y., 471 ; *Hubbell* v. *Meigs*, 50 id., 492.) The plaintiff has been allowed to recover the sum which he paid for the bonds with interest thereon, upon evidence that the bonds became worthless three years after his purchase. *Non constat*, that much of that depreciation should be attributed to causes which occurred after the plaintiff's purchase, and for which the defendants are not responsible. Such a recovery cannot be upheld.

Several exceptions to the admission of evidence were taken upon the trial. But as a new trial must be had on other grounds, we have not considered them.

The judgment and order must be reversed, and a new trial granted, with costs to abide the event.

BARNARD, J. (dissenting) :

I am of opinion that the rule of damages was correctly stated in the judge's charge to the jury, at the trial of this action. If one person, by fraud, induces another to purchase stock, and the purchaser holds it until it becomes worthless, before he discovers the fraud, the measure of damages should be the difference between the price paid for the stock, with interest thereon, and the value of the stock at the time when the fraud was discovered by the purchaser. Otherwise, the rule as to damages for wrongs would not be observed, which is, that a wrong-doer must pay all damages resulting from the wrong done. Assuming that the stock purchased by the plaintiff was worth more at the time of the sale than

it was at the time when he discovered the fraud, still, it was the fraud which induced the holding of the stock, until the discovery, and the intermediate depreciation should be paid by the wrong-doer.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.:

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.